OPINION OF THE COURT
Bernard Fuchs, J.
Defendants are an agency of the Indonesian government and a ship it owns. They move for judgment notwithstanding the verdict or for a new trial on several grounds which were adequately considered during trial and disposed of on the record. To remove any ambiguity as to two of those grounds, the $8,500 verdict was neither against the weight of the evidence nor excessive.
A further claim, now raised for the first time, is that the court lacks subject matter jurisdiction to try this longshoreman’s personal injury action by jury because one defendant is, in effect, a foreign State. Defendants cite the Foreign Sovereign Immunities Act of 1976 (90 US Stat 2891 [the FSIA]) or more precisely, section 2 of House Report No. 94-1487.
The report refers to section 1330 of title 28 of the United States Code, added to the Judicial Code by the FSIA. That section does indeed limit the jurisdiction it confers to “any non jury civil action against a foreign state”. But the jurisdiction of which it speaks is that of the United States *430 District Courts. Section 1330 is silent as to the jurisdiction of State courts.
More to the point is section 1602 et seq. of title 28 of the United States Code, the substance of the FSIA, which describes and limits the extent of foreign State immunity to the jurisdiction of both Federal and State courts. Section 1605 provides that a “foreign state shall not be immune from the jurisdiction of courts of the United States or of the States” in the cases therein described. The present case is among those in which the foreign State is denied immunity. Defendants do not suggest the contrary. (See US Code, tit 28, § 1605, subd [a], pars [2], [5].) Neither section 1605 nor any other section of the FSIA limits the power of State courts to try actions against foreign States to a jury.
The jurisdictional scheme intended by Congress is apparent from the FSIA itself. Before it was adopted, the civil jurisdiction of Federal courts was, in general, limited to “actions wherein the matter in controversy exceeds * * * $10,000” (US Code, tit 28, §§ 1331,1332). The FSIA, however, conferred jurisdiction on the United States District Courts “without regard to amount in controversy of any non jury civil action against a foreign state * * * as to any claim * * * with respect to which the foreign state is not entitled to immunity” (US Code, tit 28, § 1330). One purpose of this expanded jurisdiction was to permit Federal courts to determine foreign States’ claims to immunity from their jurisdiction and promote uniformity of decision. (US Code, tit 28, § 1602; House Report No. 94-1487, § 2.)
Congress did not, however, insist upon Judge trials in State courts to advance the policy of uniform decision. Instead it enacted subdivision (d) of section 1441 of title 28 of the United States Code as part of the FSIA. Under that provision, a foreign sovereign sued in a State court may (uninhibited by the $10,000 ad damnum because of section 1330) remove the action to the Federal court where it “shall be tried by the court without jury”. Congress thus limited its policy to seek uniform, Judge-made decisions by leaving to foreign sovereign defendants in State courts the option of removal to Federal court or, in the alternative, *431 to hazard the relative uncertainties of State court trials, including those by jury. Defendants’ failure to exercise that option in no way impairs this court’s jurisdiction to enter judgment on the verdict. (See 5 Moore’s Federal Practice [2d ed], par 38.31.1 [2].)
Motion denied. Judgment will be entered on the verdict.